**3**

JAN P. JOHNSON
Standing Chapter 13 Trustee
Kristen A. Koo, State Bar #230856
Karin M. Bruce, State Bar #292245
P. O. Box 1708
Sacramento, California 95812-1708
(916) 492-8001
pobox1708@jpj13trustee.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 16-22931-A-13J |
| | ) | DC No.: JPJ-01 |
| | ) | |
| BRUCE NELSON, | ) | **TRUSTEE'S OBJECTION TO** |
| GAIL NELSON, | ) | **CONFIRMATION OF THE CHAPTER** |
| | ) | **13 PLAN AND CONDITIONAL** |
| | ) | **MOTION TO DISMISS CASE** |
| | ) | |
| | ) | DATE: JULY 18, 2016 |
| | ) | TIME: 1:30 P.M. |
| Debtor(s) ) | | COURTROOM: 28 |

JAN P. JOHNSON, CHAPTER 13 TRUSTEE, objects to confirmation of the Debtor(s)

Plan and does not recommend its confirmation as:

1. The debtors failed to submit proof of their social security numbers to the trustee at the

Meeting of Creditors as required pursuant to FRBP 4002(b)(1)(B). The debtors have failed to

cooperate with the trustee as necessary to enable the trustee to perform his duties as required

pursuant to 11 U.S.C. §521(a)(3).

2. The trustee is unable to fully assess the feasibility of the plan. Pursuant to Local

Bankruptcy Rule 3015-1(b)(6), the debtor is required to serve upon the trustee no later than

1

fourteen (14) days after the filing of the petition a Class 1 Checklist and Authorization to Release Information to Trustee Regarding Secured Claims Being Paid by the Trustee. To date, the debtor has failed to provide the trustee with these documents. The debtor has failed to comply with 11 U.S.C. §521(a)(3) and Local Bankruptcy Rule 3015-(b)(6).

3. The trustee is unable to fully assess the feasibility of the plan. The debtors own and operate two businesses. In connection with these businesses, the trustee requested copies of certain items including, but not limited to, a completed business examination checklist, income tax returns for the two year period prior to the filing of the petition, bank account statements for the six month period prior to the filing of the petition, proof of all required insurance and proof of required licenses and/or permits. To date, the debtors have failed to provide the business exam checklists for both businesses to the trustee. The trustee is unable to determine if the business is solvent and necessary for reorganization. The debtors have failed to comply with 11 U.S.C §521.

4. The plan payment in the amount of $4,079 does not equal the aggregate of the trustee's fees, monthly post-petition contract installments due on Class 1 claims, the monthly payment for administrative expenses, and monthly dividends payable on account of Class 1 arrearage claims, Class 2 secured claims and executory contract and unexpired lease arrearage claims. The monthly dividends consist of $2,239.44 to Wells Fargo Home Mortgage for the monthly contract installment amount, $150 to Wells Fargo Bank for the monthly contract installment amount, $1,263.16 to Wells Fargo Home Mortgage for the arrearage dividend, $14.66 to Wells Fargo Bank for the arrearage dividend and $217.78 for administrative expenses. The aggregate of these monthly amounts plus the trustee's fee is $4,201. The plan fails to comply with Section 4.02 of the mandatory form plan.

5.    Schedule B filed May 4, 2016 lists "Nelson Family Revocable Trust" in section 25. The trustee requested at the Meeting of Creditors held June 16, 2016 that the debtors provide a copy of the trust.  To date, the debtors have failed to comply with the Trustee's request. The debtors have failed to cooperate with the trustee as necessary to enable the trustee to perform his duties.  The debtors have failed to comply with 11 U.S.C. §521(a)(3).

WHEREFORE the trustee prays that the Court enter an order denying confirmation of the debtor's plan, and an order dismissing the case unless the debtor obtains confirmation of an amended plan within 75 days of the date of entry of the order denying confirmation of the debtor's plan. The trustee consents to the Court's resolution of disputed material factual issues pursuant to FRCivP 43(c) as made applicable by FRBP 9017.

Dated: JUNE 22, 2016                    /s/ Karin M. Bruce
                                        KARIN M. BRUCE, Attorney for Trustee